**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**NOV 1 8 2015**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Criminal No. 15-30165-SMY |
| ) | |
| THEODORE J. LONGUST, ) | |
| ) | Title 18, United States Code, |
| Defendant. ) | Sections 1006, 1344, 657, and 1956. |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1

#### FINANCIAL INSTITUTION FRAUD: SCHEME TO DEFRAUD SCOTT CREDIT UNION

1. From at least November 12, 2008 through December 8, 2014, in Madison County, within the Southern District of Illinois, and elsewhere,

**THEODORE J. LONGUST,**

defendant herein, knowingly executed a scheme to defraud and intended to defraud Scott Credit Union, a financial institution with accounts insured by the National Credit Union Share Insurance Fund.

2. Intent to defraud as used in this Indictment means a course of action intended to deceive Scott Credit Union and to cause the potential loss of money by Scott Credit Union.

#### BACKGROUND:

At all relevant times:

3. **THEODORE J. LONGUST** was an employee and officer of Scott Credit Union in the commercial loan department. He was employed from November 7, 2005 continuing through December 8, 2014 and held the title of Business Relationship Manager.

1

4. Scott Credit Union is a not-for-profit financial cooperative that is a full service financial institution. Member's deposits are insured by the National Credit Union Administration through the National Credit Union Share Insurance Fund.

5. **THEODORE J. LONGUST** was in a position of trust with Scott Credit Union and was required to follow the policies of Scott Credit Union as well as the federal laws and regulations of the National Credit Union Administration. Scott Credit Union required **THEODORE J. LONGUST** to be aware of and follow board policies and business lending policies that required that all business loans be documented. The documentation required a loan application or personal financial statement of the borrower, a company borrowing resolution or agreement, security documentation, personal and business guarantees, credit approval, and business financial statements or tax returns.

6. **THEODORE J. LONGUST** had a lending limit of $50,000 in 2008 and $100,000 from 2009 - 2014. He was required to obtain the approval of the Business Loan Committee for any loan exceeding that amount. Scott Credit Union's Board of Directors were required to approve all extensions of credit over $1,000,000.

7. **THEODORE J. LONGUST** was required to adhere to the same guidelines when issuing a Scott Credit Union letter of credit. Letters of credit were required to be documented with a signed note equal to the amount of the letter of credit with the appropriate security documents that support the guarantee. Outstanding letters of credit were required to also be documented and be included in the quarterly call report. Scott Credit Union had a written policy against fraud that specifically prohibited the manipulation of loan accounts and specifically prohibited the intentional failing to secure collateral and the failure to properly record a security interest.

## THE SCHEME TO DEFRAUD

8. **THEODORE J. LONGUST** executed his scheme to defraud through the embezzlement of credit union funds, the creation of fraudulent loans, the payment of loans through the misapplication of funds from other loans, the increase of credit limits on loans that did not have the requisite board approval, the issuance of business loans without the required documentation or security and the issuance of letters of credit without the required documentation and security.

## ACTS IN FURTHERANCE OF THE SCHEME TO DEFRAUD

9. In November of 2008, **THEODORE J. LONGUST** created an unauthorized loan [L0001] in the name of South County Baptist Church. He then misapplied funds of Scott Credit Union by making disbursements from a commercial loan in the name of South County Baptist Church to make five payments for his own personal credit card bills totaling $76,124. On December 8, 2014, the date of his resignation from Scott Credit Union, **THEODORE J. LONGUST** made a fraudulent payment on the South County Baptist Church loan [L0001] in the amount of $54,136.91 from a loan in the name of Unique Hardscapes. There was no loan documentation or security for the Unique Hardscapes loan.

10. On or about May 26, 2010, **THEODORE J. LONGUST** fraudulently created a second unauthorized loan in the name of South County Baptist Church. From that time through December 5, 2014, **THEODORE J. LONGUST** fraudulently made loan advances from this loan that he created without the knowledge or authority of South County Baptist Church. On December 8, 2014, the date of his resignation from Scott Credit Union, **THEODORE J. LONGUST** made a fraudulent payment on the South County Baptist Church loan [L0002] in the amount of $126,346.33 from a loan in the name of Unique Hardscapes.

All in violation of Title 18, United States Code, Section 1344(1).

## COUNT 2

### MISAPPLICATION OF FUNDS OF SCOTT CREDIT UNION: ALL PRO DEVELOPMENT

1.     On or about December 8, 2014, in Madison County, within the Southern District of Illinois, and elsewhere,

**THEODORE J. LONGUST,**

defendant herein, being an officer and employee of Scott Credit Union, a financial institution with accounts insured by the National Credit Union Share Insurance Fund., with intent to defraud Scott Credit Union, willfully misapplied funds of Scott Credit Union and otherwise entrusted to the care of Scott Credit Union by doing loan advances from All Pro Development loan L002 in two transactions totaling $301,000. Those transactions brought the outstanding balance of the loan to $1,415,557.36. **THEODORE J. LONGUST** had a lending limit of $100,000 and was required to obtain the approval of the Business Loan Committee for any loan exceeding that amount. **THEODORE J. LONGUST** made an unauthorized extension of credit in that he did not obtain or have the authority to make the loan advances. **THEODORE J. LONGUST** further intended to defraud Scott Credit Union in that he created the loan and made disbursements from the loan without loan documents or security for the loan.

All in violation of Title 18 of the United States Code, Section 657.

## COUNT 3

### MISAPPLICATION OF FUNDS OF SCOTT CREDIT UNION: ATLAS TRANSPORTATION LLC

1.     On or about October 31, 2013, in Madison County, within the Southern District of Illinois, and elsewhere,

**THEODORE J. LONGUST,**

defendant herein, being an officer and employee of Scott Credit Union, a financial institution with accounts insured by the National Credit Union Share Insurance Fund., with intent to defraud Scott

4

Credit Union, willfully misapplied funds of Scott Credit Union and otherwise entrusted to the care of Scott Credit Union by doing a loan in the name of Atlas Transportation LLC with a principle amount of $875,000. **THEODORE J. LONGUST** had a lending limit of $100,000 and was required to obtain the approval of the Business Loan Committee for any loan exceeding that amount. **THEODORE J. LONGUST** made a fraudulent extension of credit in that he falsified a credit proposal for Atlas Transportation to obtain the approval of the Chief Lending Officer based on false information. **THEODORE J. LONGUST** falsely represented the ownership and financial backing of the loan and falsely indicated that the loan would be secured by real estate worth over $2 million dollars. **THEODORE J. LONGUST** further intended to defraud Scott Credit Union in that he utilized as fraudulent security for the loan, a fictitious "Acknowledgement of Assignment of Deposit Account" that had the forged signature of the vice-president of the Bank of Springfield and falsely represented that the Bank of Springfield was making an assignment of $1,513,261.19 from an account purported to be in the name of Atlas Transportation LLC.

All in violation of Title 18 of the United States Code, Section 657.

## COUNT 4

### MISAPPLICATION OF FUNDS OF SCOTT CREDIT UNION: WINDOOR D.B. L0002

1. On or about December 5, 2014, in Madison County, within the Southern District of Illinois, and elsewhere,

### THEODORE J. LONGUST,

defendant herein, being an officer and employee of Scott Credit Union, a financial institution with accounts insured by the National Credit Union Share Insurance Fund., with intent to defraud Scott Credit Union, willfully misapplied funds of Scott Credit Union and otherwise entrusted to the care of Scott Credit Union by doing loan advances from Windoor D.B. loan L002 totaling $212,662.94, which caused the outstanding balance on that loan account to become $1,657,122.89.

**THEODORE J. LONGUST** had a lending limit of $100,000 and was required to obtain the approval of the Business Loan Committee for any loan exceeding that amount. Further any loan or extension of credit exceeding $1,000,000 required the approval of the board of directors which was not obtained. **THEODORE J. LONGUST** made an unauthorized extension of credit in that he did not obtain or have the authority to make the loan advance. **THEODORE J. LONGUST** further intended to defraud Scott Credit Union in that he created the loan and made disbursements from the loan without loan documents or security for the loan.

All in violation of Title 18 of the United States Code, Section 657.

## COUNT 5

### MISAPPLICATION OF FUNDS OF SCOTT CREDIT UNION: WINDOOR E.S. L0001

1.      On or about December 5, 2014, in Madison County, within the Southern District of Illinois, and elsewhere,

**THEODORE J. LONGUST,**

defendant herein, being an officer and employee of Scott Credit Union, a financial institution with accounts insured by the National Credit Union Share Insurance Fund., with intent to defraud Scott Credit Union, willfully misapplied funds of Scott Credit Union and otherwise entrusted to the care of Scott Credit Union by doing a loan advance from Windoor E.S. loan L001 totaling $129,219.14, which caused the outstanding balance on that loan account to become $1,550,942.45.

**THEODORE J. LONGUST** had a lending limit of $100,000 and was required to obtain the approval of the Business Loan Committee for any loan exceeding that amount. Further any loan or extension of credit exceeding $1,000,000 required the approval of the board of directors which was not obtained. **THEODORE J. LONGUST** made an unauthorized extension of credit in that he did not obtain or have the authority to make the loan advance. **THEODORE J. LONGUST**

further intended to defraud Scott Credit Union in that he created the loan and made disbursements from the loan without loan documents or security for the loan.

All in violation of Title 18 of the United States Code, Section 657.

### COUNT 6

### MONEY LAUNDERING: ENGAGING IN A FINANCIAL TRANSACTION WITH INTENT TO CONCEAL AND DISGUISE: UNIQUE HARDSCAPES L002 AND SOUTH COUNTY BAPTIST CHURCH L001

On or about December 8, 2014, in Madison County, within the Southern District of Illinois, and elsewhere,

### THEODORE J. LONGUST,

defendant herein, on the date of his departure as an officer and employee of Scott Credit Union, knowingly conducted a financial transaction to conceal and disguise the nature, location, source and control of the proceeds of financial institution fraud, a specified unlawful activity by the payment of $54,136.91 on South County Baptist Church loan L0001 from Unique Hardscapes LLC loan L0002, knowing that the property represented the proceeds of some form of unlawful activity which in fact represented the proceeds of the specified unlawful activity of bank fraud, in violation of Title 18, United States Code, Section 1344. The financial transaction involved the use of Scott Credit Union, a financial institution engaged in and the activities which affected interstate commerce.

All in violation of Title 18 of the United States Code, Section 1956(a)(1)(B)(i).

### COUNT 7

### MONEY LAUNDERING: ENGAGING IN A FINANCIAL TRANSACTION WITH INTENT TO CONCEAL AND DISGUISE: UNIQUE HARDSCAPES L002 AND SOUTH COUNTY BAPTIST CHURCH L002

On or about December 8, 2014, in Madison County, within the Southern District of Illinois, and elsewhere,

### THEODORE J. LONGUST,

defendant herein, on the date of his departure as an officer and employee of Scott Credit Union, knowingly conducted a financial transaction to conceal and disguise the nature, location, source and control of the proceeds of financial institution fraud, a specified unlawful activity by the payment of $126,346.33 on South County Baptist Church loan L0002 from Unique Hardscapes LLC loan L0002, knowing that the property represented the proceeds of some form of unlawful activity which in fact represented the proceeds of the specified unlawful activity of bank fraud, in violation of Title 18, United States Code, Section 1344. The financial transaction involved the use of Scott Credit Union, a financial institution engaged in and the activities which affected interstate commerce.

All in violation of Title 18 of the United States Code, Section 1956(a)(1)(B)(i).

## COUNT 8

### MONEY LAUNDERING: ENGAGING IN A FINANCIAL TRANSACTION WITH INTENT TO CONCEAL AND DISGUISE: SOUTH COUNTY BAPTIST CHURCH L001 AND SOUTH COUNTY BAPTIST CHURCH L002

On or about July 31, 2013, in Madison County, within the Southern District of Illinois, and elsewhere,

### THEODORE J. LONGUST,

defendant herein, as an officer and employee of Scott Credit Union, knowingly conducted a financial transaction to conceal and disguise the nature, location, source and control of the proceeds of financial institution fraud, a specified unlawful activity by the payment on South County Baptist Church loan L0001 from South County Baptist Church loan L0002 knowing that the property represented the proceeds of some form of unlawful activity which in fact represented the proceeds of the specified unlawful activity of bank fraud, in violation of Title 18, United States Code, Section 1344. The financial transaction involved the use of Scott Credit Union, a financial institution engaged in and the activities which affected interstate commerce.

All in violation of Title 18 of the United States Code, Section 1956(a)(1)(B)(i).

## COUNT 9

### FALSE RECORD TO SCOTT CREDIT UNION WITH INTENT TO DECEIVE: REPORT OF MEMBERS EXCEEDING $500,000 FOR 3RD QUARTER 2014

In or about October of 2014, in Madison County, within the Southern District of Illinois, and elsewhere,

**THEODORE J. LONGUST,**

defendant herein, as an officer and employee of Scott Credit Union, a financial institution with accounts insured by the National Credit Union Share Insurance Fund, with the intent to deceive officers of Scott Credit Union, knowingly created a false report of "members exceeding $500,000" for the 3rd quarter of 2014. **THEODORE J. LONGUST** was required to prepare a report and meet quarterly with the Chief Executive Officer and Chief Lending Officer of Scott Credit Union to review members that had loans over $500,000 for each particular quarter. **THEODORE J. LONGUST** knowingly submitted a false report for the 3rd quarter of 2014 that misstated loan balances and omitted loan amounts and underreported loans of over $12,000,000.

All in violation of Title 18 of the United States Code, Section 1006.

**FOREPERSON**

STEPHEN R. WIGGINTON
United States Attorney
Southern District of Illinois

NORMAN R. SMITH
Assistant United States Attorney

Recommended bond: $50,000 secured.